UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MARISA BONDA, | **DECISION AND ORDER** |
| Plaintiff, | |
| v. | 1:16-CV-00832(JJM) |
| NANCY A. BERRYHILL,<br>ACTING COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION | |
| Defendant.[1] | |

---

This is an action brought pursuant to 42 U.S.C. §405(g) to review the final determination of defendant Nancy A. Berryhill, the Acting Commissioner of Social Security, that plaintiff was not entitled to Disability Insurance Benefits ("DIB"). Before the court are the parties' cross-motions for judgment on the pleadings [13, 14],[2] which the parties have consented to be addressed by me [15]. Having reviewed the parties' submissions [13, 14], plaintiff's motion is granted and the Acting Commissioner's motion is denied.

## BACKGROUND

In January 2013 plaintiff, who was 47 years old, filed an application for DIB, alleging a disability onset date of June 1, 2011 due to a variety of ailments, including back, neck and joint pain, tendonitis and possible arthritis. Administrative record [8], pp. 125-26, 138. Her

---

[1] Since Nancy A. Berryhill is now the Acting Commissioner of Social Security, she is substituted for Carolyn W. Colvin as the defendant in this action pursuant to Fed. R. Civ. P. 25(d). *See* Quintana v. Berryhill, 2017 WL 491657, *7 n. 1 (W.D.N.Y. 2017).

[2] Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

date last insured was determined to be September 30, 2014. Id., p. 19. After plaintiff's claim for DIB was initially denied (id., pp. 79-82), an administrative hearing was held on September 22, 2014 before Administrative Law Judge David Lewandowski, at which plaintiff, who was represented by counsel, and a vocational expert testified. Id., pp. 36-69. In his March 27, 2015 decision (id., pp. 19-31), ALJ Lewandowski found that plaintiff had several severe physical impairments, but determined that plaintiff's depression and anxiety (individually or in combination) were nonsevere. Id., p. 21. He also determined that she had the residual functional capacity ("RFC") to perform light work, but with the following limitations: "occasional postural activities, occasional gripping with the left thumb, occasional handling with the left hand, frequent handling with the right hand, frequent reaching, and frequent overhead activities". Id., p. 24.

Based on that RFC and the vocational expert's testimony, ALJ Lewandowski concluded that plaintiff was capable of performing her past relevant work as an administrative clerk, and therefore was not disabled from the alleged onset date through the date last insured. Id., pp. 29-30. The Appeals Council denied plaintiff's request for review (id., pp. 1-3), and thereafter plaintiff commenced this action.

## ANALYSIS

**A.      Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as

adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938).

It is well settled that an adjudicator determining a claim for Social Security benefits employs a five-step sequential process. Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. Here, plaintiff challenges the second and fourth steps of the sequential process by arguing that ALJ Lewandowski erred in determining that her mental impairments were non-severe (plaintiff's Memorandum of Law [13-1], pp. 12-21), and failing to properly assess her credibility. Id., pp. 21-25. Based on these grounds, plaintiff asks that the Acting Commissioner's "decision be vacated, and that this matter be reversed or remanded for further administrative proceedings". Id., p. 25.


**B.     Did ALJ Lewandowski Err in Finding that Plaintiff's Depression and Anxiety were Non-severe Impairments at Step Two?**

"At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a 'severe impairment' that 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" Serrano v. Colvin, 2018 WL 991792, *3 (W.D.N.Y. 2018) (*quoting* 20 C.F.R. § 416.920(a)(4)(ii), (c)). "Basic mental work activities include the ability to: understand, carry out, and remember simple instructions; use judgment; respond appropriately to supervision, co-workers and usual work situations; and deal with changes in a routine work setting." Cuenca v. Commissioner of Social Security, 2016 WL 2865726, *5 (N.D.N.Y.), adopted, 2016 WL 2858858 (N.D.N.Y. 2016) (*citing* 20 C.F.R. §§ 404.1521(b)(3)-(6), 416.921(b)(3)-(6)).

"In determining whether a mental impairment is severe at step two, the ALJ must follow a 'special technique' whereby the ALJ rates the degree of functional limitation resulting

from the impairment in four broad areas (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; and (4) episodes of decompensation." Mayor v. Colvin, 2015 WL 9166119, *15 (S.D.N.Y. 2015) (citing 20 C.F.R. § 404.1520a(a)-(c)). "[I]f the degree of limitation in each of the first three areas is rated 'mild' or better, and no episodes of decompensation are identified, then the reviewing authority generally will conclude that the claimant's mental impairment is not 'severe'". Kohler v. Astrue, 546 F.3d 260, 266 (2d Cir. 2008).

  Here, plaintiff concedes that ALJ Lewandowski employed the special technique, but argues that it "appears to be very limited in scope and consideration of the medical evidence as a whole". Plaintiff's Memorandum of Law [13-1], p. 18. Further, she argues that he also erred by failing to develop the record concerning her treatment with Horizons Health. Plaintiff's Memorandum of Law [13-1], pp. 16-17. The record contains a mental health treatment plan dated April 23, 2013 from Horizon Health Services ([8], pp. 256-61), which contemplated weekly therapy sessions (id., p. 259), but additional records from that provider are absent from the record. Plaintiff contends that "[i]f [she] was going to weekly therapy sessions, there is over a year and half of potential psychiatric clinical presentations which were not in the record". Plaintiff's Memorandum of Law [13-1], p. 16.

  In response, the Acting Commissioner argues that plaintiff "merely speculates that 'if' she attended treatment, then those records are missing", and that such speculation is "a dubious basis upon which to claim that the ALJ failed to develop the record". Acting Commissioner's Brief [14-1], p. 15. The Acting Commissioner notes that plaintiff's counsel did not indicate that any records were missing when he provided the Horizon Health Services'

records to the ALJ ([8], p. 255) or at the administrative hearing. Acting Commissioner's Brief [14-1], p. 15.

"[W]hen a party is represented, the ALJ's obligation [to develop the record] is lessened". Claypool v. Berryhill, 2018 WL 3386337, *2 (W.D.N.Y. 2018). However, even under those circumstances, it remains the ALJ's "affirmative obligation to develop the administrative record". Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996). It is only "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim". Rosa v. Callahan, 168 F.3d 72, 79 n.5 (2d Cir. 1999).

I agree with the Acting Commissioner that it is curious that plaintiff, who should know whether or not she received additional counseling from Horizon Health Services, is not definitive on this issue in her brief. Nevertheless, plaintiff testified under oath at the hearing was that she was actively seeing a counselor, and ALJ Lewandowski acknowledged that testimony. Id., p. 22 (plaintiff "testified that going to a counselor has helped her symptoms significantly"). At minimum, the details of that treatment should have been explored, and the records obtained. Remand is necessary to fill that gap in the record. *See* Vincent v. Astrue, 2010 WL 10827101, *8 (N.D.N.Y. 2010) ("[t]he case law in this area is well-settled, remand is required whenever further development of the record is necessary, even where (as here) the underdevelopment of the record is attributable, in part, to inaction by the claimant's counsel").

Plaintiff's testimony that her counselor was a "tremendous help" with her anxiety and depression ([8], p. 51) does not dispel the significance of those records. While ALJ Lewandowski noted that counseling "helped her symptoms significantly" in concluding that plaintiff's depression and anxiety were not severe (id., p. 22) and in formulating his RFC (id., p.

28), plaintiff did not testify that the counseling alleviated her symptoms or otherwise sufficiently controlled those symptoms to permit her to perform work-related functions. Even with counseling and Klonopin, she testified that she experienced anxiety symptoms (*e.g.*, heavy breathing and chest pains) several times a day and crying spells several times per week. [8], pp. 50-51. In fact, indicating that counseling was not sufficiently addressing her depression and anxiety, plaintiff testified that her neurologist and primary care physician recommended that she see a psychiatrist. *See* Collins v. Berryhill, 2018 WL 259282, *7 (E.D.N.Y. 2018) ("[w]hile Plaintiff did state on some occasions that Klonopin made him feel better, there is no medical basis for the ALJ's conclusion that medication sufficiently manages Plaintiff's PTSD and anxiety to a degree where he can perform work-related functions").

Significantly, in concluding that plaintiff's anxiety and depression were non-severe impairments (and also in formulating her RFC), ALJ Lewandowski relied on the "conservative" nature of plaintiff's treatment. Plaintiff's Memorandum of Law [13-1], p. 13. However, plaintiff's counseling records, which may show her attending regular counseling sessions as set forth in Horizon Health Services' initial treatment plan, could bear upon whether her treatment would be considered conservative.

Moreover, as plaintiff notes, ALJ Lewandowski did not explore or address any explanations for plaintiff's alleged conservative treatment. Plaintiff's Memorandum of Law [13-1], p. 13. While conservative treatment "may . . . help to support the Commissioner's conclusion that the claimant is not disabled if that fact is accompanied by other substantial evidence in the record", Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008), SSR 96–7p emphasizes that the ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any

explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment". 1996 WL 374186, *7.[3] Here, plaintiff's medical records contain references to her having no health insurance (s*ee, e.g.*, [8], p. 195), but ALJ Lewandowski failed to address that possible explanation for plaintiff's perceived conservative course of treatment. That was erroneous. *See* Hill v. Colvin, 2015 WL 8752361, *6 (N.D. Ind. 2015).

C.	Did ALJ Lewandowski Properly Assess Plaintiff's Credibility?

As plaintiff argues, ALJ Lewandowski's error in failing to address possible explanations for plaintiff's lack of medical treatment carried over to his assessment of plaintiff's credibility, where, among other things, he explained that plaintiff "was not receiving any ongoing treatment at her alleged onset date" ([8], p. 27) as a reason for discounting plaintiff's credibility. Plaintiff's Memorandum of Law [13-1], p. 24. "Although an ALJ may find a plaintiff less credible if she failed to seek medical treatment, an ALJ is obligated to consider any explanation a plaintiff may have for such failure". Snyder v. Colvin, 667 Fed. App'x 319, 320 (2d Cir. 2016) (Summary Order). This shall also be addressed upon remand as part of re-assessing plaintiff's credibility on a complete record.

---

[3]	In March 2016, the Social Security Administration released SSR 16-3p, which superseded SSR 96-7p. However, "SSR 16-3p . . . was not made retroactive and the Court therefore applies SSR 96-7p as the ruling in effect at the time of the ALJ's decision in this case". Leung v. Berryhill, 2017 WL 5953169, *20 n. 20 (S.D.N.Y. 2017), adopted, 2018 WL 557898 (S.D.N.Y. 2018).

## CONCLUSION

For these reasons, plaintiff's motion for judgment on the pleadings [13] is granted to the extent that this case is remanded to the Acting Commissioner for further proceedings consistent with this Decision and Order, and the Acting Commissioner's motion [14] is denied.

**SO ORDERED**.

Dated: November 6, 2018

    /s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge